EASTERN DIST.
*April*, 1836.

MILLAUDON
*vs.*
CAJUS,
EXECUTOR, ETC.

## MILLAUDON *vs.* CAJUS, EXECUTOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the executor charges full commissions on the appraised value of the inventory of all the common property belonging to the husband and wife, and he is afterwards appointed her executor, he cannot charge commission on the value of certain slaves bequeathed by the husband to legatees, of which his testatrix only retained the mere usufruct until her death.

The counsel fees for settling an estate, cannot be charged to the portion in which the deceased had only a usufruct.

This case comes up on an opposition to the tableau of the executor, filed in the Court of Probates, of the estate of the late Madame Magnon.

The executor charged commissions and counsel fees on the value of certain slaves, which were bequeathed by the husband at his death to legatees, with a usufruct to Mrs. Magnon during life. The same person was executor of both estates. The value of these slaves was included in the inventory of the husband, and full commissions charged. The same charge is now claimed on their value as included in the wife's inventory, although she had but a usufruct interest in them.

Millaudon, the transferree of these slaves, made opposition to the executor's account, on the ground that the charges were illegal.

The probate judge sustained the opposition, and the executor appealed.

*D. Seghers*, for the appellant.

*Macready*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellant, executor of the last will of the widow Magnon, complains of the judgment of the Court of Probates, by which the opposition on the part of L. Millaudon to the tableau of the executor was in part sustained, as it relates to his commissions and fees of counsel. The facts, so far as it is necessary to state them, in order to have a clear view of the present dispute, are that Mr. and Mrs. Magnon were in community; that on the death of the husband, many years ago, the whole estate was administered by Cajus, as the executor of his will; that the widow was entitled, under the will, to the usufruct during life of all the property left by the husband, which was bequeathed to certain persons as his heirs, subject to the usufruct; that Millaudon became the purchaser of two shares in the estate of the husband, and contributed his share of the charges of administration, and that full commissions were allowed the executor on all the property belonging to the community. Madame Magnon appointed the same person executor of her testament, by which her property, consisting of one half the community, was bequeathed to different persons from those who inherited from the husband. See same case, 6 *Louisiana Reports*, 222.

The question thus presented to the court, is whether the executor is entitled to charge commissions on that part of the common property belonging to Millaudon, by purchase from the testamentary heirs of the husband.

That the will of Madame Magnon conferred no authority on her executor to administer on property not belonging to

When the executor charges full commissions on the appraised value of the inventory of all the common property belonging to the husband and wife, and he is afterwards appointed her executor, he cannot charge commission on the value of certain slaves bequeathed by the husband to legatees, of which his testatrix only retained the mere usufruct until her death.

EASTERN DIST.
April, 1836.

The counsel
fees for settling
an estate, cannot
be charged to
the portion in
which the de-
ceased had only
a usufruct.

her succession, appears to us quite clear.    The heirs of the husband, though their interests were blended with those of the wife's, were not the co-heirs, but rather the co-proprietors of undivided property.    They had a right to come to a partition, and to leave the share belonging to the wife, to be administered by the executor of her will.

But it is contended that Millaudon consented, as transferree, that the whole property, composing the common mass, should be sold by the register of wills, according to the terms and conditions prescribed by the advice of the family meeting, and that in pursuance of that consent, the executor was authorised to administer on the portion coming to Millaudon, and to charge his commissions.    We consider the sale thus consented to, so far as it regards the heirs of Mr. Magnon, as a means of effecting a partition, and although the appellee may be bound to pay his share of the expenses attending the sale, it does not appear to us that it authorises the executor to charge commissions, as on a part of the estate administered by him.

In other respects, the judgment of the Court of Probates is not complained of, and it is, therefore, ordered, adjudged and decreed, that the decree be affirmed, with costs.